IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00438-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.     GARY DANIEL BARTLEY,**

        Defendant.

_____

**DEFENDANT'S MOTION FOR MENTAL HEALTH
EVALUATION AND COMPETENCY DETERMINATION**
_____

        The defense hereby moves this Court for an Order authorizing a psychiatric or psychological examination of the defendant by a certified psychiatrist or psychologist for the purpose of determining whether he suffers from a mental disease or defect, and to thereafter set a hearing to determine his competency to proceed, pursuant to 18 U.S.C. § 4241(a),(b) and (c), and 18 U.S.C. § 4247(b) and (c). In support thereof, the defense states as follows:

        1.     Mr. Bartley is charged with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Mr. Bartley has entered a plea of not guilty to the charge.

        2.     The Pretrial Services Report contains information indicating that Mr. Bartley has a lengthy and significant history of mental health problems. Because the Pretrial Services Report is a restricted document, counsel will not reveal those contents herein. But, since the Court will receive its own copy of the Pretrial Service Report, the defense incorporates the contents of that motion by reference.

3. Based upon the information in the Pretrial Services Report, as well as undersigned counsel's own interactions with Mr. Bartley, undersigned counsel has reason to believe that Mr. Bartley may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Due to attorney-client confidences, undersigned counsel cannot disclose any further information about the attorney-client interactions.

4. Pursuant to 18 U.S.C. § 4247(b), and for the purposes of conducting this examination, counsel requests that the defendant be committed to the custody of the United States Attorney General for a reasonable period not to exceed 30 days, unless an extension is appropriately sought pursuant to the provisions of the same statute.

5. Pursuant to 18 U.S.C. § 4247(c), counsel further requests the Court to direct the preparation of a written report and that, once completed, copies of the report be delivered *directly* to undersigned counsel, the Assistant United States Attorney, and this Court.

6. Counsel further requests that this Court order counsel to contact chambers to set a date for hearing on Mr. Bartley's competency.

7. Undersigned counsel further requests that the Court vacate all current dates and deadlines, to be reset upon conclusion of the competency evaluation. Until a determination is made regarding Mr. Bartley's competency, counsel cannot effectively communicate with Mr. Bartley and Mr. Bartley cannot assist counsel in preparation of a defense. Thus, maintaining the current deadlines will provide counsel with inadequate time to work with Mr. Bartley in preparing a defense. Because time spent evaluating

Mr. Bartley's competency tolls the Speedy Trial clock, vacating current deadlines and dates will not violate the Speedy Trial Act.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender, Interim


s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
E-mail: Scott_Varholak@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Conner
Assistant U.S. Attorney
Email: Dave.Conner@usdoj.gov

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado 80202
(303) 294-7002
(303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant